IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PRISCILLA BATISTA,

Plaintiff,

v.

COOPERATIVA DE VIVIENDA
JARDINES DE SAN IGNACIO, ET AL.,

Defendants.

CIVIL NO. 10-1953 (CVR)

## OPINION AND ORDER

## INTRODUCTION

Plaintiff Priscilla Batista ("Plaintiff") brought this suit alleging violations to the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq*., and state law claims of tort under 31 P.R. Laws Ann., § 5141, *et. seq*., and local antitrust violations under 10 P.R. Laws Ann., § 257 *et. seq*. Defendant Cooperativa de Vivienda Jardines de San Ignacio ("Cooperativa") is a housing cooperative that owns and administers a cooperative project where members, like Plaintiff, reside.   Individual Defendants Carmen Couvertier Márquez, Carlos Román Espada, Cándida Cotto Hernández, Cristina Díaz Atienza, María Ramírez Lopez, Katherine Rivera Calderón, Rosa Maldonado González, and Santos Colón, are all members of Cooperativa's Board of Directors (collectively "Defendants").

Plaintiff's complaint was originally comprised of several causes of action, all of which were dismissed by the District Court on summary judgment. (Docket Nos. 88 and 89). Plaintiff appealed that judgment, and the Court of Appeals for the First Circuit reversed and remanded on the sole issue of Plaintiff's retaliation claim.  (Docket No. 101).

Priscilla Batista v. Cooperativa de Vievienda Jardines de San Ignacio, et al
Civil No. 10-1953 (GAG)
Opinion & Order
Page 2

Before the Court now is Defendants' "Motion to Dismiss the Retaliation Claim Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) and Incorporated Memorandum of Law" (Docket No. 118), Defendants' "Motion for Summary Judgment Regarding the Retaliation Claim and Memorandum in Support Thereof" (Docket No. 119) and Plaintiff's Opposition to both documents. (Docket Nos. 127 and 129).

Defendants filed two separate motions (a Motion to Dismiss and a Motion for Summary Judgment) moving the court to grant the same remedy, to wit, the dismissal of the retaliation claims.  In the Motion to Dismiss, Defendants aver the Complaint fails to meet the standard set forth in Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009), insofar as it fails to identify a protected activity and because it is conclusory and devoid of specific instances of retaliatory conduct.  In the Motion for Summary Judgment, Defendants posit Plaintiff failed to meet the standard for a *prima facie* retaliation claim.

Plaintiff counters arguing summary disposition is unwarranted, as the Amended Complaint contained specific instances of retaliation, and because issues of fact remain as to the date the retaliatory conduct began.  The issue of the dates, in turn, serves to establish that Defendants' proffered reasons for their actions were a mere pretext to retaliate against Plaintiff and evict her from her home.

For the reasons explained herein below, Defendants' Motion for Summary Judgment and Motion to Dismiss are both DENIED.

Priscilla Batista v. Cooperativa de Vievienda Jardines de San Ignacio, et al
Civil No. 10-1953 (GAG)
Opinion & Order
Page 3

## ANALYSIS

### A.     The Motion for Summary Judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56 (c).  Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law."  Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st  Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact."  Cortés-Irizarry v.  Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997).  A fact is deemed "material" if it potentially could affect the outcome of the suit.  Id.  Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor."  Id.  At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor."  Maldonado-Denis v.  Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

The First Circuit Court of Appeals has "emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]."  Hernández v. Philip Morris USA,

Inc., 486 F.3d 1, 7 (1st Cir. 2007); *see also*, Colón v. Infotech Aerospace Servs., Inc., 869 F.Supp.2d 220, 225-226 (D.P.R. 2012).   Rules such as Local Rule 56 "are designed to function as a means of 'focusing a district court's attention on what is -and what is not- genuinely controverted.' " Hernández, 869 F.Supp.2d at 7 (*quoting* Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)).

In particular, Local Rule 56 imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation as required under subsection (e) of this rule".  Loc. Rule 56(b).  Subsection (e), on the other hand, states that "facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted".  Loc. Rule 56(e).

The Court gives short shrift to the Motion for Summary Judgment, as it finds that Defendants' Statement of Facts is procedurally non-compliant with the Local Rules.  As previously mentioned, Loc. R. Civ. P. 56 (b) specifically requires the movant to supply a record citation as to each fact proffered for the Court's consideration.  None of the uncontested facts supplied by Defendants contains a citation to the record.  Even worse, Defendants failed to supply for the Court's review several of the very documents their analysis and facts rely upon.  (See Defendants' Statement of Facts Nos. 9 and 10, where Defendants refer to certain documents, and Plaintiff's opposition thereto, where Plaintiff

states that "Mrs. Priscilla Batista denies as drafted because Defendants did not include said documents as an exhibit in support of defendants request for summary judgment". See Docket No. 127-1, p. 5, ¶¶ 9 and 10). Clearly, the Court cannot resolve motions in a vacuum and without the necessary evidence.

Over three decades ago, the Court of Appeals expressed its increasing "frustration [with] the more and more typical phenomenon ... of a district court having to decide a motion for summary judgment without the assistance the court should expect from counsel." Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 927 (1st Cir. 1983). Since the adoption of the local anti-ferreting rules, the Court of Appeals has been very vocal in its strong and consistent admonition that "parties ignore [said rule] at their own peril ..." Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir.2000)(citing prior cases). The Court of Appeals has also been quite clear in holding that "a party's failure to comply [with the rules] would, where appropriate, be grounds for judgment against that party." Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir.2001) (affirming this District Court's grant of summary judgment where the Court refused to consider facts which were not presented in compliance with the precursor to the current anti-ferreting rule).

It is not the Court's responsibility to do counsel's work and comb the record for the missing citations and documents. Therefore, on this procedural ground, Defendants' Motion for Summary Judgment is DENIED. (Docket No. 119)

### B.     The Motion to Dismiss.

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Twombly, 550 U.S. at 555; see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary."). Yet, in order to "show" an entitlement to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See, Twombly, 550 U.S. at 555.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See also, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Thus, a plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Twombly, 550 U.S. at 570; see, e.g. Iqbal, 556 U.S. 662.

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly and Iqbal. First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 556 U.S. at 663. Yet, the court "need not

accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 556 U.S. at 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or whether dismissal under Rule 12(b)(6) is appropriate. Id.

Defendants argue Plaintiff fails to state the actual retaliatory acts and their effects, and that she fails to sufficiently identify the protected activity which forms the basis for her retaliation claim. The Court cannot agree.

It is important to remember that, for purposes of this pleading, and contrary to its analysis at the summary judgment stage, the Court must take as true the allegations in the complaint, unless they are conclusory and devoid of factual underpinnings. A cursory reading of the Amended Complaint shows this is not the case here.

The FHA protects against discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling … because of race, color, religion, sex, familial status, or national origin," 42 U.S.C. § 3604(b), and renders it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [§ 3604]," Id. § 3617.

In paragraph 24 of the Amended Complaint, Plaintiff avers that, after she emerged victorious from her Department of Housing and Urban Development ("HUD") claim, "the retaliation by the San Ignacio Cooperative and its Board of Directors against Mrs. Batista was swift and immediately (sic). Defendants engaged in a definite pattern of discriminatory actions against Mrs. Batista in a concerted effort to evict her from the housing cooperative. This pattern of retaliatory and discriminatory conduct manifested itself in two-fold fashion: First, by initiating collection proceedings against Mrs. Batista for amounts she allegedly owed since 1998, when in fact Mrs. Batista did not owe said amounts or had paid the same; and second, by demanding that Mrs. Batista move to a two bedroom apartment, denying her request for reasonable accommodations and ignoring her need to remain in her present three bedroom apartment due to her multiple health conditions." Docket No. 21, ¶ 24.

Buttressing this allegation, Plaintiff proffered the following:

a.  Immediately after the administrative process with HUD culminated, on or about February 2009, Cooperativa requested that Plaintiff move to a two bedroom unit, or if she elected to remain in the three bedroom unit she occupied since 1983, to forego her Section 8 benefits and pay market rent thereafter. Id. at ¶ 25.

b.  Plaintiff was summoned to a hearing wherein Cooperativa attempted to illegally collect $129.50 allegedly owed by her since 1998, charges which she disputes. Id. at ¶ 27.

c.  Cooperativa held two hearings on March 25 and July 29, 2009, where Plaintiff was declared a non-member of the cooperative and was granted

Priscilla Batista v. Cooperativa de Vievienda Jardines de San Ignacio, et al
Civil No. 10-1953 (GAG)
Opinion & Order
Page 9

thirty days to abandon her apartment and ordered to pay the $132.50 she
owed. Id. at ¶ 29.

d.     Plaintiff was denied her rights and privileges during member's meetings,
       including her right to vote. Id.

e.     On January 3, 2011, Cooperativa sent another notice to Plaintiff insisting she
       vacate her apartment and move to a smaller unit, and informing her that
       Cooperativa would not recognize her benefits under Section 8 and would
       charge her a monthly "market rent" of $359.00. Id. at ¶ 32.

f.     On February 11, 2011, Cooperativa again summoned Plaintiff to a hearing in
       order to collect the alleged market rent unilaterally imposed on January 2011.
       Id. at ¶ 33.

These facts, if taken as true, make a colorable claim for retaliation under the motion
to dismiss standard. That is all the Court needs to consider under this more relaxed
standard to deny this motion, as the facts have served to nudge Plaintiff's claims across the
line from "conceivable to plausible" under Twombly and Iqbal. Whether the facts actually
evidence retaliatory conduct is a factual issue that is only proper for the jury to resolve at
the trial, after hearing the relevant testimony and giving it the weight they deem
appropriate.

In view of the above, Defendants' Motion to Dismiss is DENIED.

Priscilla Batista v. Cooperativa de Vievienda Jardines de San Ignacio, et al
Civil No. 10-1953 (GAG)
Opinion & Order
Page 10

## CONCLUSION

For the aforementioned reasons, Defendant's Motion for Summary Judgment and

Motion to Dismiss are both DENIED (Docket Nos. 119 and 118).[1]

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 17th day of September of 2015.

> S/CAMILLE L. VELEZ-RIVE
> CAMILLE L. VELEZ RIVE
> UNITED STATES MAGISTRATE JUDGE

---

[1] The instant case has taken an inordinate amount of time and resources for the parties and the Court.  In light of this Opinion and Order, the parties are STRONGLY encouraged to resume the settlement negotiations to attempt to reach a good faith settlement agreement in the best interest of all. The parties are granted thirty (30) days to conduct further settlement negotiations and jointly inform the Court of the outcome.  If no settlement is reached, the Pre-Trial/Settlement Conference and the Jury Trial will be promptly scheduled.